TATEL, Circuit Judge,
concurring.
I share many of the dissent’s concerns about how courts have applied Terry in high-crime minority communities, see Dissenting Op. at 467-69, and would welcome an opportunity to explore those concerns in depth. This case, however, cannot provide that opportunity because the problems so well articulated by the dissent flow directly from a series of Supreme Court and D.C. Circuit decisions that bind this panel and, as the dissent acknowledges, determine the outcome of the issues before us. See Dissenting Op. at 467-68 (characterizing majority’s approach as “consistent with the trend of recent cases applying Terry ”). Specifically:
(1) The stop did not occur when the police exited their car. See Michi *470 gan v. Chesternut, 486 U.S. 567, 569, 575, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988) (finding no seizure where police car with four officers pursued defendant); Florida v. Royer, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (holding that officers may approach an individual in public without effecting a seizure); United States v. Samuels, 938 F.2d 210, 213-14 (D.C.Cir.1991) (noting that mere visibility of officer’s handcuffs, uniform, badge, or gun is an insufficient show of authority for a seizure); Gomez v. Turner, 672 F.2d 134, 142 (D.C.Cir.1982) (“There must be some additional conduct by the officer [beyond the fact of his presence] to overcome the presumption that a reasonable person is willing to cooperate with a law enforcement officer.”); Maj. Op. at 460-62. If the stop had occurred when the police exited their car, I would agree with the dissent that the police lacked reasonable suspicion. See Dissenting Op. at 464-65.
(2) The stop instead occurred when one of the officers yelled “gun” and told Walker to return to the group. See United States v. Wood, 981 F.2d 536, 540 (D.C.Cir.1992) (finding sufficient show of authority for a stop where officer ordered defendant to stop); United States v. Alarcon-Gonzalez, 73 F.3d 289, 292 (10th Cir.1996) (finding seizure of defendant where officer told defendant’s companion to freeze); Maj. Op. at 462.
(3) At that point — when the officer yelled “gun” — the police had reasonable suspicion to stop Goddard. See D.C. Code § 22-4504 (2001) (requiring a license to carry a handgun); United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) (holding that reasonable suspicion exists where an officer has “a particularized and objective basis for suspecting the particular person stopped of criminal activity”); United States v. Brown, 334 F.3d 1161, 1167 (D.C.Cir.2003) (“It is well settled that an individual’s furtive movements may be grounds for reasonable suspicion and fear, justifying a Terry stop and search.”); Maj Op. at 462.